UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　vs.<br><br>LUIS FABIAN CHAVEZ,<br><br>　　　　　Movant. | No. CR S-09-0540 GEB DAD P<br><br><br><br><br><br>FINDINGS & RECOMMENDATIONS |

　　　　Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted by guilty plea of conspiracy to distribute methamphetamine, and sentenced to 87 months in the custody of the U.S. Bureau of Prisons. (ECF No. 39.) Initially, movant was indicted on charges of: (1) conspiracy to distribute methamphetamine (the crime to which he ultimately pled guilty and was convicted of); (2) possession with intent to distribute methamphetamine; and (3) possession with intent to distribute heroin. (ECF No. 12.) In exchange for his plea to count one, the government agreed to dismiss counts two and three of the indictment and to recommend that he be sentenced at the low end of the applicable federal sentencing guidelines range. (See ECF No. 27.)

　　　　As part of that plea agreement movant also agreed to waive his right to appeal or to collaterally attack his plea and sentence. (Id.) More importantly for purposes of the § 2255 motion now pending before the court (ECF No. 40), in that plea agreement movant expressly

1

waived his right to file a motion for federal habeas relief under 28 U.S.C. § 2255. (ECF No. 27 at 7:2-10.)[1]  Upon careful consideration of the record and the applicable law, the undersigned finds that movant's waiver of his right to appeal or collaterally attack his conviction and sentence was voluntary and intelligent.  Accordingly, it will be recommended that his § 2255 motion be denied without a hearing.

**I. Legal Standard**

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

**II. Analysis**

Movant alleges in his pending § 2255 motion that he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution. Specifically, movant contends that his "87 months sentence was far to[o] high for [his] minor role in the conspiracy," because his "co-defendant . . . was the mastermind of the operation," yet the "mastermind" received the exact same 87-month sentence as movant, who was merely a

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

"middleman." (Mot. Vacate Under 28 U.S.C. § 2255 (ECF No. 40) at 4; Supp. Mem. P. & A. ("Mot.") (ECF No. 49) at 3.) Movant argues that his attorney "did not follow my instructions and challenge the 87 months," (ECF No. 40 at 4) and failed to "request downward sentence adjustment under" § 3B1.2 of the Federal Sentencing Guidelines. (ECF No. 49) at 4.)[2]

The government opposes the motion, arguing that movant "expressly waived his right to collaterally attack his sentence under § 2255 as part of his written plea agreement . . . ." (Gov't's Resp. to Def.'s Mot. & Mot. to Dismiss ("Resp.") (ECF No. 53) at 4.) The government notes that movant's written plea agreement states, in pertinent part, as follows:

> **B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal both his conviction and his sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence. <u>He specifically agrees not to file a motion under 28 U.S.C. § 2255 . . . attacking his conviction or sentence.</u>

(Plea Agreement (ECF No. 27) at 7:2-10 (second emphasis added).) The government also points out that at his change of plea hearing, the court found that movant was "fully competent and capable of entering an informed plea," and that "his plea of guilty [was] a knowing and voluntary plea." (Rep.'s Tr. (ECF No. 56) at 14:10-19.)

"A defendant's waiver of his appellate rights is enforceable if . . . the waiver is knowingly and voluntarily made." <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir. 2005), <u>overruled on other grounds by United States v. Jacobo Castillo</u>, 496 F.3d 947 (9th Cir. 2007 (en banc). However, "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver" itself. <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005). The Ninth Circuit in <u>Washington</u> reasoned that an ineffective assistance of counsel claim cannot be barred by an agreement that,

---

[2] The <u>U.S. Sentencing Guidelines</u> at § 3B1.2, "Mitigating Role," provide for a two-to-four-level decrease of the offense level if the defendant was a "minimal" or "minor participant" in the "offense" in question.

3

"itself," was "the very product of the alleged ineffectiveness," because "[t]o hold otherwise would deprive a defendant of an opportunity to assert his Sixth Amendment right to counsel where he had accepted the waiver in reliance on delinquent representation." Id. (quoting Jones v. United States, 167 F.3d 1142 (7th Cir. 1999) (holding that a plea agreement that waives the right to file a petition under § 2255 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver)).

As noted above, in his plea agreement movant voluntarily and specifically waived his rights to file a § 2255 motion. (Plea Agreement (ECF No. 27) at 7:2-10.) Moreover, movant does not challenge the voluntariness of his plea or the waiver in his plea agreement of his right to seek relief under § 2255 motion. Nor does he argue the waiver of his right to file a § 2255 motion was "in reliance on delinquent representation." Washington, 422 F.3d at 871. Instead, movant merely contends his attorney ineffectively assisted him at sentencing by failing to argue for downward adjustment of his sentence after the plea agreement was entered and after his plea pursuant thereto was placed on the record — an issue that relates to his attorney's performance but does not undermine the voluntariness of the waiver itself. Thus, the issue that must be decided here is whether movant can challenge his sentence or his judgment of conviction based upon a claim of ineffective assistance of counsel at sentencing through a § 2255 motion, even though he expressly waived his right to file a § 2255 motion and does not directly challenge the validity of that waiver.

The Ninth Circuit has not yet answered this question,[3] but has stated in dicta that ineffective assistance of counsel claims arising from alleged errors by counsel at post-conviction sentencing cannot be litigated through a § 2255 motion where a valid waiver of appeal was entered. In this regard, the Ninth Circuit has suggested that: "[An] ineffective assistance claim related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the

---

[3] See e.g., Ceja v. United States, Nos. CV F 08-0909, CR F 06-0387 AWI, 2010 WL 4806904, at *2 (E.D. Cal. Nov. 18, 2010) (Ishii, C.J.) ("[S]o far as this court is aware, the [N]inth [C]ircuit has not answered the question left unresolved in Pruitt; that is, whether . . . claims of ineffective assistance of counsel . . . that do not directly challenge the voluntariness of the waiver of rights to bring a collateral attack[] are exempt from waivers contained in plea agreements.").

4

plea agreement" itself, cannot be challenged under § 2255 in the face of a movant's waiver of appeal. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

However, the Fifth Circuit has squarely addressed this question and held that ineffective assistance of counsel claims arising from allegedly deficient performance in connection with post-conviction sentencing proceedings do not survive a waiver of appeal and collateral attack. Thus, in United States v. White, the issue was "whether a waiver of appeal remains valid if the section 2255 movant argues that he received ineffective assistance of counsel at stages of the proceedings other than the plea or waiver itself." 307 F.3d 336, 341 (5th Cir. 2002). The court in White surveyed case law from other circuits — expressly discussing the Ninth Circuit's dicta in Pruitt, id. at 341 — and held: "We will follow this wealth of authority and hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." Id. at 343. See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[T]he sentence-appeal waiver precludes a § 2255 claims (sic) based on ineffective assistance at sentencing.")

Following the Fifth Circuit's holding in White and the Ninth Circuit's dicta in Pruitt, a District Judge of the Eastern District of California has likewise held that ineffective assistance of counsel claims that do not directly undermine the validity of the plea agreement do not survive a waiver of appeal. In Ceja v. United States, then-Chief Judge Ishii analyzed a situation similar to that presented in this case, and — citing the decisions in White and Pruitt — denied a § 2255 motion without a hearing. Nos. CV F 08-0909, CR F 06-0387 AWI, 2010 WL 4806904, at *3 (E.D. Cal. Nov. 18, 2010). The movant in Ceja had argued he received ineffective assistance from his attorney during post-conviction sentencing "because his attorney failed to argue for . . . downward departure at sentencing on the basis of [movant's] status as a deportable alien." Id. at *1. However, in his plea agreement the movant "agreed to a comprehensive waiver of rights to appeal his conviction or to collaterally challenge his conviction or sentence, particularly by way of a motion pursuant to section § 2255." Id. The District Court denied his § 2255 motion because the movant "makes no allegation at all that [his] decision to enter a plea of guilty was in any way unknowing or involuntary." Id. at *3. The court reasoned: "While [movant's] . . .

ground for relief — that he was subject to ineffective assistance of counsel because his attorney failed to argue for downward departure based on [movant's] deportability — does relate to his attorney's performance, there is no basis upon which the court could infer that the alleged deficient performance was in any way connected to [movant's] decision to plead guilty." Id.

The other district courts within the Ninth Circuit to confront this question have reached the same conclusion. See e.g., Castro v. United States, Nos. 11-cr-0323-IEG, 12-cv-1036-IEG, 2012 WL 3629062, at *6 & n.9 (S.D. Cal. Aug. 21, 2012) ("Petitioner's . . . claims do not challenge the knowing and voluntary nature of his guilty plea and waiver but rather attack his conviction and sentence on other grounds. Because these claims are within the scope of Petitioner's valid waiver, the Court will enforce it against him to bar these remaining claims."); Pastoriza–Valerio v. United States, No. 06CV1079-LAB, 04CR3066-LAB, 2009 WL 69326, at *4 (S.D. Cal. Jan. 9, 2009) ("The court finds that these are fundamentally allegations about the calculation of his sentence, and were therefore waived by his knowing and voluntary plea bargain.").

Therefore, in light of the weight of persuasive authority, the undersigned concludes that ineffective assistance of counsel claims survive a waiver of appeal and collateral attack only if the alleged ineffective assistance "directly affected the validity of the waiver or the plea itself." White, 307 F.3d at 343. Here, as in Ceja, movant's argument that "he was subject to ineffective assistance of counsel because his attorney failed to argue for downward" adjustment of his sentence post-conviction "does relate to his attorney's performance"; however, "there is no basis [from] which th[is] court could infer that the alleged deficient performance was in any way connected to [movant's] decision to plead guilty." Ceja, 2010 WL 4806904, at *3. Since movant has not shown that the alleged ineffective assistance "directly affected the validity of [his] waiver or the plea itself," White, 307 F.3d at 343, his claim is precluded by his knowing and voluntary waiver of his right to appeal or collaterally attack his judgment and sentence. See Ceja, 2010 WL 4806904, at *3 ("Because [the movant] was sentenced according to the terms of the plea

/////

/////

6

agreement, he cannot now claim he was somehow enticed or mislead into signing the agreement by false promises.")[4]

### III. Conclusion

Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 4, 2013

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:gp
Chavez.0540.hc

---

[4] Movant also asserts, in his supplemental brief, that his counsel was also ineffective because there was "no[] conspiracy but rather a buyer – seller relationship" in connection with the sale of methamphetamine underlying his conviction. (Mot. 4-7.) However, since movant waived his rights to collaterally attack his conviction and sentence, for the reasons stated above, this ineffective assistance of counsel claim is barred by the waiver contained in movant's plea agreement as well. White, 307 F.3d at 343.